SPECTOR, Acting Chief Judge (dissenting) :
On May 8, 1974, petitioner, Roger L. Dowst, filed his suggestion for writ of prohibition against respondent seeking to restrain respondent from presiding over a criminal trial scheduled to be held at 9:00 A.M., May 9, 1974, in the Circuit Court in and for Volusia County, Florida. At said trial, petitioner is to be tried on charges of the commission of some crime, the exact nature of which is concealed from this court inasmuch as it is not stated in the suggestion. However, inasmuch as the suggestion avers he is being held without bail, I can only assume he is charged with a nonbailable offense, such as robbery or murder.
On the same date the suggestion was filed here, this court circulated the pleading among a three-judge panel. Two judges voted to issue the rule nisi in prohibition, while one judge, the writer of this opinion, voted to deny the suggestion. Notwithstanding the vote to deny the rule nisi, the said rule was issued by the clerk of this court over my name as acting chief judge without noting thereon any reference to the fact that I dissented to the issuance *60 of the rule nisi, which dissent is reflected by my vote to deny which appears on the face of the suggestion itself.
Because I dissent to the issuance of the rule nisi, it is appropriate that I correct the unmistakable error of the clerk of this court by filing this dissenting opinion nunc pro tunc as of May 8, 1974.
And, the ratio decidendi of my dissent? It is simply that the suggestion reflects on its face that the delay in being brought to trial of which petitioner now complains was unmistakably brought on by his own series of delaying and time consuming motions, including a written waiver of speedy trial. Certainly this court ought not upset the process of justice on the very eve of a criminal trial for which the State has made costly arrangements by reserving and scheduling courtroom facilities, judicial personnel resources, court reporters, service of witness subpoenas, appearance of witnesses, and so forth, in the absence of a clear and convincing showing that an accused’s right to a speedy trial has in fact been violated. A mere possibility is not enough to warrant the appellate court interfering with the holding of an impending criminal trial. And this is particularly so when the record gives the appearance of tactical maneuvering by the defendant’s use of pre-trial motions to jerk the prosecutor and the trial court around until the state’s minions have been lulled into a false sense of security with respect to the relative rights of the defendant and the public under the speedy trial rule, Criminal Procedure Rule 3.191, 33 F.S.A. While the speedy trial rule may have a salutory purpose in inducing the State to bring accused persons to trial without undue delay, I do not think it was intended to be used in the manner now being urged by petitioner, who is the author of his own delay.
Accordingly, I dissent from the issuance of the rule nisi, nunc pro tunc, and the clerk is hereby ordered to send a copy of this opinion to the petitioner and his counsel, the respondent, the Attorney General, the State Attorney of the Seventh Judicial Circuit and the Assistant State Attorney to whom this case was assigned for trial.